UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| TYRUS COBB, III, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:05CV2056 RWS |
| | ) | |
| BAYSHORE MANAGEMENT CO., LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

On January 10, 2007, a jury returned a verdict in favor of Plaintiff Tyrus Cobb, III, against Defendant Bayshore Management Co., LLC. After judgment was entered Bayshore filed a motion under Federal Rule of Civil Procedure 59 for a new trial. Bayshore asserts that I erred in modifying the jury instructions in this matter. Because the jury instructions fairly stated the applicable law and evidence in the case, I will deny Bayshore's motion for a new trial.

*Background*

This matter concerns the claim by Cobb that he was fired from his job as an administrative assistant at Bayshore's apartment rental complex named the Pavilion Apartments. Cobb spoke Spanish and occasionally used this skill to act as a translator between Spanish speaking tenants and the management of Bayshore.

In May of 2005, Cobb's supervisor Sara Hasser, sought to evict some Hispanic tenants from their apartment. Cobb told a coworker that he thought that Hasser's actions were in violation of the fair housing laws. He stated that he intended to report Hasser's conduct. At the end of May 2005, Cobb reported the conduct to the Fair Housing Commission. He also told the Hispanic tenants that they were being treated unfairly and that they should seek legal counsel.

The next day, when Cobb arrived to work he was met at his car by Hasser who terminated his employment effective immediately.

On August 26, 2005, Cobb asserted a claim against Bayshore under the Fair Housing Act, 42 U.S.C. § 3601, et seq. in a Missouri state court. Bayshore removed the case to this Court. In his complaint Cobb states that '[i]n accordance with 42 U.S.C. § 3604(a), Plaintiff threatened to and did report the unlawful actions described herein to the Housing Authority for investigation on May 25, 2005." (Compl. ¶ 25.) The complaint states that Cobb was claiming he was terminated from his job "as a direct and proximate cause of his threat to report and reporting of the unlawful activity of Defendants." (Compl. ¶ 26.) Cobb asserted that Bayshore's termination of his employment violated "public policy as established by the Fair Housing Act as well as other state and federal law prohibiting discrimination in the rental of property." (Compl. ¶ 27.)

In his amended trial brief, Cobb asserts that Bayshore violated 42 U.S.C. § 3604(a) by refusing to rent to the Hispanic tenants based on their national origin. The brief asserts that Cobb was an aggrieved party under 42 U.S.C. § 3602(i) and suffered damages due to his termination.

Two business days before the trial of this matter I held a pretrial hearing. At that hearing Bayshore suggested that Cobb was asserting a claim under the Missouri Human Rights Act, R.S.Mo. § 213.070(2) which makes it unlawful to discriminate against a person because they have opposed, among other things, a discriminatory housing practice.

Cobb clarified at the pretrial hearing that he was asserting his claims in this case based solely on the Fair Housing Act. Bayshore asserted that Cobb did not have standing to assert a claim under the Act because he was not a person who was denied housing. Because of this

disagreement over standing on the eve of trial, I continued the pretrial hearing to the following day to allow the parties to provide me with legal authority of Cobb's standing to bring his claim of wrongful termination based on his assertion that he was standing up for the rights of the Hispanic tenants in this matter.

When the pretrial hearing reconvened I addressed the issue of standing. Cobb's complaint stated that Bayshore violated his rights under the Fair Housing Act. At the hearing several federal cases were identified that permitted standing and § 3617 of the Act was raised as a ground for Cobb's suit. Section 3617 of the Act makes it unlawful to "coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of, or on account of his having exercised or enjoyed, or on account of his having aided or encouraged any other person in the exercise or enjoyment of, any right granted' under § 3604 of the Act. Section 3604 makes it unlawful to refuse to rent a dwelling based on a persons national origin.

It was agreed by Bayshore that Cobb had standing under § 3617. It was clear to all of the parties at that reconvened hearing that Cobb was asserting his rights under that statute.

*Legal Standard*

"It is the inescapable duty of the trial judge to instruct the jurors, fully and correctly, on the applicable law of the case, and to guide, direct, and assist them toward an intelligent understanding of the legal and factual issues involved in their search for the truth." 9A Wright & Miller, Federal Practice and Procedure § 2556, at 438 (2d ed. 1995). "The court must instruct the jury properly on the controlling issues in the case even though there has been no request for an instruction ...." Id.

"The form and language of jury instructions are committed to the district court's sound

discretion so long as the jury is correctly instructed on the substantive issues of the case." Agape Baptist Church, Inc. v. Church Mut. Ins. Co., 299 F.3d 701, 704 (8th Cir. 2002). A trial court does not abuse its discretion when the jury instructions, taken as a whole and viewed in the light of the evidence and applicable law, fairly and adequately submit the issues to the jury. Vaughn v. Ruoff, 304 F.3d 793, 795 (8th Cir. 2002).

Unlike state court judges, federal trial court judges are clothed with common law powers to, among other things, comment on the evidence to the jurors.

> In charging the jury, the trial judge is not limited to instructions of an abstract sort. It is within his province, whenever he thinks it necessary, to assist the jury in arriving at a just conclusion by explaining and commenting upon the evidence, by drawing their attention to the parts of it which he thinks important, and he may express his opinion upon the facts, provided he makes it clear to the jury that all matters of fact are submitted to their determination.

Quercia v. U.S., 289 U.S. 466, 469 (1933).

*Analysis*

In its motion for a new trial Bayshore asserts that I erred by submitting a jury instruction stating the law under § 3617 and that I erred by including in the verdict director language that reflects the conduct that is barred by § 3617. Bayshore suggests that because I crafted more expansive jury instructions than was submitted by the parties I acted with a bias in favor of Cobb. Bayshore's position is completely without merit.

I provided the jury with the language of § 3604 and § 3617 of the Fair Housing Act in jury instruction number six. Bayshore claims that I committed error because I "added a new basis of liability under a *different section of the Fair Housing Act*" in instruction number six and in the verdict director. (emphasis added). Apparently Bayshore is arguing that § 3617 was not

<mark>-4-</mark>

part of the case until that section was explicitly added by me to the jury instructions. That argument has no basis in fact. Bayshore was clearly aware at the pretrial hearing that the basis of Cobb's claim was § 3617. Providing this statute to the jury in an instruction did not create a surprise or prejudice to Bayshore. It merely accurately instructed the jury on the law that Cobb asserts was violated by Bayshore.

Even if I had found that Bayshore did not have notice at the beginning of the trial that Cobb was proceeding under § 3617 (which it clearly had), I told counsel at the close of the case that, in a abundance of caution, the pleadings would be amended to include that claim to conform with the evidence under Federal Rule of Civil Procedure 15(b). From its inception this case has always been about Cobb's claim that he was wrongfully terminated for standing up for the housing rights of others. He has never asserted that he was seeking relief because he was denied housing. Bayshore's defense has not been prejudiced because the case proceeded under § 3617 rather than under a similar provision of the Missouri Human Rights Act which Bayshore had presumed was the basis of Cobb' cause of action.

Bayshore second point concerns language that I added to the verdict director. The proposed verdict director suggested that Bayshore could only be liable if the jury found that Cobb had been fired by Bayshore as a result of his reporting housing discrimination to the Fair Housing Commission. This overly narrow position was clearly a misstatement of the law because it did not fairly and adequately reflect the evidence and the law that was at issue in the case.

Bayshore suggests in its motion that I should have only submitted the jury instructions that the parties submitted to the Court and that I should not independently determine whether those instructions fairly and adequately reflect the issues in the case. However, a federal trial

judge is not a mere conduit through which counsel provides self-serving instructions to the jury. It is my duty to fairly and adequately submit the issues to the jury. Vaughn, 304 F.3d at 795.

I note that a federal judge not only has the authority to submit proper instructions to the jury, he has the authority to assist the jury in arriving at a just conclusion by explaining and commenting upon the evidence and drawing their attention to evidence that the judge thinks is important. Quercia, 289 U.S. at 699. Bayshore does not allege that I commented upon the evidence to the jury. Rather, it complains that I called attention to the evidence in the case by including the actual statutory language of § 3617 in the instructions.

During the trial of this matter ample evidence was admitted for a jury to infer that management at Bayshore was aware of Cobb's allegations that the Hispanic tenants were the victims of discrimination and that Cobb was helping them stand up for their rights. The manager who fired Cobb, Sara Hasser, testified at trial that on May 26, 2005 she heard Cobb tell the tenants that he did not agree with Bayshore's eviction decision, that Bayshore committed racial discrimination, and that the tenants should seek legal counsel. Hasser fired Cobb the next day on May 27, 2005. This evidence allowed the jury to infer that Cobb was fired for exercising a protected right and that Bayshore violated § 3617 of the Fair Housing Act.

The parties' proposed jury verdict director misstated the law by instructing the jury that the *only* basis on which Bayshore could be liable was if it terminated Cobb's employment based *solely* on his making a complaint with the Fair Housing Commission. I expanded the verdict director with language from § 3617 to allow the jury to consider all of the evidence it heard in determining whether Bayshore violated the Fair Housing Act.

Bayshore suggests that the verdict director I gave the jury was prejudicial. It claims that it

would have conducted other discovery had it been aware that other evidence of discrimination, in addition to Cobb's making a complaint with the Fair Housing Commission, could be considered by the jury. Bayshore asserts, for example, it would have interviewed the Hispanic tenants. Such an interview would not have produced any material information. Hasser testified at trial that she heard Cobb advising the Hispanic tenants to seek legal counsel to assert their housing rights. Shortly thereafter Hasser fired Cobb. The jury was clearly allowed to infer that Cobb's termination was related to Cobb's aiding the tenants with their rights. Defendant's failure to depose the tenants would not materially effect that inference.

In addition, Bayshore was not prejudiced because it was on notice that Cobb's suit was premised on his being terminated for helping others protect their housing rights. Bayshore was never prevented from seeking discovery from the fact witnesses in this case. It was free to conduct any discovery it wished. The fact that Bayshore's own supervisor testified at trial that she was aware of Cobb's activity in asserting the rights of others before she fired him does not establish unfair prejudice to Bayshore based on the instructions submitted to the jury in this matter.

Accordingly,

**IT IS HEREBY ORDERED that** Defendant's motion for a new trial [#62] is **DENIED**.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 12th day of June, 2007.